Important Notice: Courtesy copies of documents you file should NOT be provided to any judge.  All communications with the court SHALL ONLY be through documents filed with the Clerk of Court.

**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ERIC HOWARD
          LA. DOC #486451                    CIVIL ACTION NO. 08-1452
                                             SECTION P

VERSUS

                                             JUDGE JAMES T. TRIMBLE, JR.
WARDEN TIM WILKINSON                         MAGISTRATE JUDGE JAMES D. KIRK

                        REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by Eric Howard ("Howard") on September 26, 2008 (Doc. 1).  On April 20, 2009, Magistrate Judge Methvin issued a Report and Recommendation recommending Howard's petition be dismissed with prejudice as time barred (Doc. 6).  Howard filed an objection to the Report and Recommendation and provided a copy of a letter from the Louisiana Supreme Court dated July 11, 2007 which granted an extension of time within which to file his application for *certiorari* (Doc. 7, p. 2).  In light of the objection, Judge Doherty ordered the matter remanded for further initial review (Doc. 8).

     On June 5, 2009, the case was reassigned to District Judge James T. Trimble, Jr. and the undersigned, Magistrate Judge James D. Kirk (Doc. 9).  On August 25, 2010, the matter was remanded to the undersigned for further initial review and report and

recommendation (Doc. 23).

## Initial Review

In the April 20, 2009 Report and Recommendation, Judge Methvin advised the one year statute of limitations in which Howard had to file his petition had lapsed.   Specifically, she  noted that Howard's application for *certiorari* was due June 29, 2007 but was not filed until July 18, 2007.  Because the filing was not timely, she recommended that the case be dismissed.

Howard's objection and accompanying letter from the Louisiana Supreme Court granting him sixty (60) days to file his application for certiorari, evince the tolling of the statute of limitations. Given the fact Howard's petition was timely filed, it is ripe for consideration on the merits.

## Rule 8(a) Resolution

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary for the resolution of the habeas corpus petition.  Moya v. Estelle, 696 F.2d 329, 323-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d. 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

## Consideration of the Merits

Howard attacks his sentence and judgment imposed by the Thirtieth (30th) Judicial District Court in Vernon Parish,

Louisiana on November 8, 2006 pursuant to his guilty plea to a single count of forcible rape. Howard received a twenty-eight (28) year sentence of imprisonment after entering into a plea agreement and is currently confined at Winn Correctional Center in Winnfield, Louisiana.

Howard raises the following grounds for review in his habeas petition:

1. Whether Howard was denied effective assistance of counsel in violation of the Sixth Amendment of the United States because his counsel:

> a. did not investigate his mental health history including failing to interview family and friends;
>
> b. did not conduct discovery or file necessary pretrial motion including a motion for a psychiatric evaluation;
>
> c. did not enter a plea of not guilty by reason of insanity; and,
>
> d. did not develop a sound legal defense strategy, namely an insanity defense.

2. Whether the trial court erred in failing to hold a hearing to determine whether a sanity commission should be appointed.

3. Whether Howard's plea is invalid because he was mentally incompetent at the time of the guilty plea and/or it was neither knowing or voluntary.

Howard alleges, the state admits and the record reflects exhaustion of Howard's state court remedies.

<u>Facts</u>

On July 12, 2005, a Bill of Information was filed in the 30th

Judicial District Court, Vernon Parish, State of Louisiana charging Howard with one count of aggravated rape upon a juvenile in violation of R.S. 14:42. The court appointed counsel for Howard but due to a conflict of interest, that attorney was allowed to withdraw. Tony Tillman was then appointed counsel and served in that role through the time Howard entered his guilty plea (R. 462). Shortly after Mr. Tillman's appointment, Scott Westerchil was appointed as co-counsel for Howard(R. 464). The two attorneys proceeded in the representation of Howard filing various motions and conducting discovery. Such motions included, but were not limited to, a motion to transfer Howard to a facility closer to Vernon Parish (R. 674), a motion for the appointment of co-counsel experienced in cases involving DNA evidence (R. 668), and a motion for an expert witness fund to hire an expert to testify about the DNA evidence (R. 677).

Counsel also worked with the District Attorney's office to secure a plea bargain for Howard. The state agreed to allow him to plead to the lesser charge of forcible rape and recommended a sentence to the court of twenty-eight years at hard labor with the Department of Corrections to run concurrent with any other sentence he might be currently serving (R. 489).

During the plea and sentencing, the state district court judge asked Howard if he was ever treated for mental illness (R. 830). Howard indicated he had been in treatment from the age of eight (8) (he was 19 at the time of the plea) (R. 494). He further stated he

was under the care of a doctor at that time and he was on Trazodone, Visteral and one other drug, the name of which he could not recall (R. 494). Though Howard admitted he had not taken his medications on the day of the plea, he had taken them the day before (R. 494). The following exchange then took place:

> Okay. Are you able to think clearly and understand what you're doing today?
>
> Yes, sir.
>
> Okay. In spite of the fact you may not have taken your medication today?
>
> Yes, sir.
>
> Okay. And, you've been able to discuss things with your attorneys today? You've been able to ask them questions and, and listened to them and you've understood what they've told you?
>
> Yes, sir.
>
> So, communication with them has not been a problem even though you haven't had your medication?
>
> No, sir
>
> Okay. Are you under the care of a doctor for anything else?
>
> No, sir.
>
> Okay. So, you're not, you're not on other medications of any kind?
>
> No, sir.
>
> Besides what you just told me about?
>
> No, sir.
>
> Okay. So there's no other reason why you wouldn't be able to think clearly and understand what you're doing today?

No, sir.

And, you think you can understand me today and what your attorneys have discussed with you?

Yes, sir....

Okay sir.  Now, you understand that you don't have to plead guilty to anything today.  You have the right to go to trial and at trial the State would have the burden of proving your guilt beyond a reasonable doubt in order for the trier of fact to find you guilty.  Do you understand that?

Yes, sir.....

Now the important question is if you plead to this forcible rape today, there won't be any trial later on any of these charges and those constitutional rights that go with trial will be waived or given up by you because there won't be a trial.  Do you understand that?

Yes, sir.

And that is what you want to do today?

Yes, sir.

Okay.  Are you doing this freely and voluntarily?

Yes, sir....

And, you've discussed this with Mr. Tillman as well today, is that correct?

Yes, sir.

And, you discussed it with whomever else you might have wanted to discuss it with, correct?

Yes, sir.

After listening to all of them, listening to their advice, listening to the answers to the questions you may have had for them and everything, you have reached this decision on your own?

Yes, sir.

Okay.  They haven't - let me, let me ask you this.  Have

they forced you to do this against your will today?

No, sir.

Have they threatened you or in any way intimidated you?

No, sir.

(R. 494-501).

The judge accepted Howard's plea and then confirmed his desire to be sentenced at that time (R. 505).   The judge imposed the recommended sentence of twenty-eight (28) years at hard labor with the Louisiana Department of Corrections (DOC) and advised Howard: his sentence was not enhanced pursuant to Louisiana's habitual offender laws; any credit for good behavior was a matter for the DOC; and he had a right to appeal the ruling within thirty days (R. 506-507).

### Standard of Review

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution or the laws or treatises of the United States.   28 U.S.C. §2254(a).

Under AEDPA, which is applicable to habeas petitions filed after its effective date of April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceeding unless the adjudication of the claim (1) resulted in a decision that was "contrary to", or involved an "unreasonable application of",

clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulting in a decision that was based on an "unreasonable determination" of the facts in light of the evidence presented in the state court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(2). Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. denied, 534 U.S. 885, 122 S.Ct. 194, 151 L.Ed.2d 136 (2001), and cases cited therein.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts. Martin, 246 F.3d at 476, and cases cited therein.

A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously; the court must conclude that such application was also unreasonable. Id.

<u>Law and Analysis</u>

<u>Competency</u>

A conviction of a mentally incompetent defendant violates the Due Process Clause of the United States Constitution.   <u>Pate v. Robinson</u>, 383 U.S. 375, 378 (1966).   A defendant is competent to stand trial or plead guilty if he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and a "factual understanding of the proceedings against him." <u>Dusky v. U.S.</u>, 362 U.S. 402, 402 (1960).

Under Louisiana law, mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.   La.C.Cr.P. Art. 641.   The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court.  La.C.Cr.P. Art. 642. If the court has reasonable ground to doubt the defendant's mental capacity to proceed, it shall order a mental examination and appoint a sanity commission to make the examination.   La.C.Cr.P. Arts. 643, 644.   Ordering a mental examination lies within the sound discretion of the court.   It is not enough that the defense files a motion urging the defense, but there must be sufficient evidence to raise a reasonable doubt as to such capacity. La.C.Cr.P. Art. 643, Official Revision Comment (a).

The competency standard in a guilty plea case is identical to the one faced by those who stand trial. <u>Godinez v. Moran</u>, 509 U.S.

389, 399 (1993).  The inquiry is whether the defendant has the ability to understand the proceedings and to assist his counsel. Id. at 396-400 (1993); Drope v. Missouri, 420 U.S. 162, 171-72 (1975); Pate, 383 U.S. at 378; Dusky, 362 U.S. at 402.  It is the petitioner's burden to prove by a preponderance of the evidence that he was actually mentally incompetent at the time of the plea. Bouchillon v. Collins, 907 F.2d 589, 592 (5th Cir. 1990) and cases cited therein.

"Unless the facts 'positively, unequivocally and clearly' generate a 'real, substantial and legitimate doubt as to the mental capacity' of the defendant to knowingly plead, a court will not find the defendant entitled to habeas relief." Flugence v. Butler, 848 F.2d 77, 79 (5th Cir. 1988), citing Thompson v. Blackburn, 776 F.2d 118, 124 (th Cir. 1985).  The mere presence of a mental defect does not demonstrate mental incompetence.  Bruce v. Estelle, 536 F.2d 1051, 1059 (5th Cir. 1976), cert. denied, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977).  As long as "a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir 1980), cert. denied, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed2d 123 (1981).

Howard certainly does not raise a real, substantial and/or legitimate doubt as to his competency. He admits that "[a]s of the

filing of this petition for writ of habeas corpus, this/the petitioner's, Eric Howard's, herein-above, exact psychological or psychiatric diagnoses - is/are unknown,' but may consist of, and may include, various diagnoses, such as but not limited to, 'childhood psychosis, schizophrenia, and mental retardation, etc.'..." (Doc. 1-2, p. 5-6). Even if there were a diagnosis, a mental impairment does not necessarily mean the person is mentally incompetent. Though he contends his "family and friends" would testify regarding his mental health history, he fails to state who those friends and family members are, what they would say and how that would establish incompetence.

Howard fails to point to any evidence in the record or otherwise that establishes mental incompetence at the time of the act or the plea. A review of the proceedings indicates that his attorneys worked hard to establish a defense. When faced with DNA evidence, they sought additional legal and expert help. Accordingly, it is highly doubtful that these same attorneys would have disregarded his mental state if it were truly were at issue. Additionally, the transcript from the plea and sentencing clearly shows Howard was able to think clearly and understand the proceedings and consequences thereof. He acknowledged that he had the opportunity to discuss the plea with his attorneys and others, the plea deal was explained to him, he had not been coerced into entering into the plea agreement and that he still desired to enter a guilty plea.

As Howard fails to raise any doubt regarding his competency, his claim should be dismissed.

<u>Guilty Plea</u>

Having found that Howard was not incompetent at the time of the guilty plea, the question turns to whether the plea was knowing and voluntary.  A guilty plea must be a knowing, voluntary and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea". <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970)(Citations omitted).  A guilty plea that is knowing, voluntary and intelligent will be upheld on federal habeas review.  <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995).  A petitioner challenging the validity of his guilty plea bears a heavy burden of proof in that he must show a strong degree of misunderstanding, duress or misrepresentation by the court, prosecutor or his own counsel in order for his plea to become a constitutionally inadequate basis for imprisonment. <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 (1977).

The record reveals that the judge ensured Howard was aware of his legal rights, understood the consequences of entering a guilty plea and that he was competent to do so.  Howard admitted he spoke to his attorneys and others regarding the plea, was not coerced into entering the plea and was able to knowingly and voluntarily proceed.  As Howard has produced no evidence to contradict what is set forth in the record, his claim lacks merit.

## Ineffective Assistance of Counsel

By entering a guilty plea, Howard waived any ineffective assistance of counsel claims which did not relate to the voluntariness of the plea itself. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984)(Citations omitted). See also, Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). As the undersigned has already found Howard's plea to be voluntary, his claims of ineffective assistance of counsel are waived and the issues are moot.[1]

## Sanity Hearing

Howard's contention that the court should have ordered a sanity hearing also lacks merit. As previously stated, there is simply no evidence that the court had a reason to believe Howard's sanity or competency were in question. His attorneys did not raise any question regarding sanity and his demeanor at the time of the plea did not give any such indication. Accordingly, there is no

---

[1] Even if Howard's claims for ineffective assistance of counsel were not waived, he has failed to satisfy either prong of the test set forth in Strickland v. Washington, 466 U.S. 688 (1984). His attorneys were conscientious and worked hard to establish a viable defense. Howard fails to state with any specificity what an investigation into his mental health would have revealed and how it would have changed the outcome of the case. A review of the record shows the attorneys sought discovery and filed pretrial motions where necessary. As stated before, if they felt his competency was at issue and insanity was a viable defense, these attorneys would have pursued the same. Their actions were not unreasonable and Howard was not prejudiced.

reason the court should have ordered the appointment of a sanity commission or a hearing.  See, <u>Pate</u>, 383 U.S. at 385.

Conclusion

In light of the foregoing,

IT IS RECOMMENDED that Howard's petition for writ of habeas corpus (Doc. Item 1) be DENIED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections with **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this_____ day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE